106 F.3d 427
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James B. KING, Director, Office of Personnel Management, Petitioner,
v.
Jerry TAYLOR, Respondent,
and
Merit Systems Protection Board, Respondent.
 Misc. No. 494.
 United States Court of Appeals, Federal Circuit.
 Jan. 16, 1997.
 
 Before MAYER, PLAGER, and BRYSON, Circuit Judges.
 ON PETITION FOR REVIEW
 BRYSON, Circuit Judge.
 
 ORDER
 
 1
 The Director of the Office of Personnel Management (OPM) petitions for review of the Merit Systems Protection Board's decision in Taylor v. Department of the Treasury. Jerry Taylor opposes. The Board has not responded.
 
 BACKGROUND
 
 2
 Briefly, Jerry Taylor applied for civil service retirement credit under the provisions of the Civil Service Retirement System (CSRS), 5 U.S.C. § 8331 et seq. Taylor sought early retirement with an enhanced annuity on the ground that he had reached the age of 50 and completed 20 years of service as a law enforcement officer. See 5 U.S.C. § 8336(c)(1). Treasury denied Taylor's request, determining that Taylor's primary duties as an Explosives Enforcement Officer with the Bureau of Alcohol, Tobacco and Firearms (ATF) did not consist of the duties defined as those of a law enforcement officer in 5 U.S.C. § 8331(20). Taylor appealed Treasury's determination to the Board.
 
 
 3
 The Administrative Judge (AJ) reversed Treasury's decision, concluding that Taylor qualified as a law enforcement officer on the basis of the position description and evidence of Taylor's actual duties. See 5 U.S.C. § 8331(20); 5 C.F.R. § 831.902. Treasury petitioned the Board for review of the AJ's initial decision. The Board denied the petition for review but reopened the appeal on its motion, affirming the AJ's decision as modified.
 
 
 4
 OPM filed a petition for reconsideration with the Board. OPM argued, inter alia, that the Board erred by finding that technical and scientific inspection and analysis, as well as writing reports concerning explosive devices, constituted law enforcement duties. OPM argued that the Board impermissibly relied on non-primary duties to find that Taylor was entitled to law enforcement service credit.
 
 
 5
 On November 13, 1996, the Board denied OPM's request for reconsideration, but reopened the case on its own motion and affirmed its earlier decision as modified. The Board stated that OPM's arguments failed because they were based on a misreading of the Board's decision. The Board reiterated its finding that Taylor was a law enforcement officer because his primary duties involved the investigation of individuals suspected or convicted of criminal offenses. Those duties included investigating crime scenes, collecting evidence, interviewing witnesses and suspects, giving Miranda warnings, preparing and executing search warrants, rendering explosive and incendiary devices safe, pre-suspect identification duties, and testifying at criminal trials. The Board further noted that for the purposes of determining law enforcement officer status, each position must be evaluated separately based on the statutory requirements set forth in section 8331(20). OPM petitions for review.
 
 DISCUSSION
 
 6
 Pursuant to 5 U.S.C. § 7703(d), OPM may seek review of a Board decision when OPM determines, in its discretion, that the Board erred in interpreting a civil service law, rule or regulation, and that the Board's decision will have a substantial impact on the administration of the civil service. This court must independently determine whether an exercise of our jurisdiction is warranted and whether OPM has shown the requisite substantial impact. Devine v. Sutermeister, 724 F.2d 1558, 1562 (Fed.Cir.1983). When the interpretation of a statutory or regulatory provision is at issue, it is particularly appropriate to grant an OPM petition for review. See, e.g., King v. Hillen, 21 F.3d 1572 (Fed.Cir.1994); Brook v. Corrado, 999 F.2d 523 (Fed.Cir.1993); Horner v. Schuck, 843 F.2d 1368 (Fed.Cir.1988). However, when OPM's argument is essentially that the Board misapplied the law to the facts of the case, denying a petition for review is appropriate. See Devine, 724 F.2d at 1566.
 
 
 7
 In its petition, OPM raises two issues. First, OPM argues that the Board erred in its interpretation of the term "investigation" as it is used in section 8331(20). OPM contends that the Board's analysis improperly enables those who investigate merely the acts of individuals, rather than the individuals themselves, to obtain law enforcement officer status. Second, OPM argues that the Board failed to apply its own precedent because in an earlier case, the Board denied law enforcement credit to an ATF inspector whose duties did not involve unusual physical hazards through frequent contacts with criminals. Finally, OPM argues that the decision will have a substantial impact on the administration of the civil service because "similar claims may be asserted by employees who provide expert assistance to criminal investigators not only at the ATF, but also at the United States Customs Service and the Internal Revenue Service."
 
 
 8
 Taylor opposes review. Taylor argues that the Board properly applied the legal standards in determining that Taylor was a "law enforcement officer" pursuant to section 8331(20), because Taylor performed investigatory duties in furtherance of the criminal prosecution of individuals. Taylor also contends that the Board's decision does not have a substantial impact on the administration of the civil service because the Board has not expanded the statutory definition of " 'law enforcement officer."
 
 
 9
 We decline to grant OPM's petition for review. The question whether Taylor's primary duties consisted of the criminal investigation of individuals rests in the factual findings of the Board. As noted by the Board, each position must be evaluated separately based on the statutory requirements set forth in section 8331(20). The Board did not announce a broad rule of general applicability, but merely applied established standards to the facts of Taylor's case. Thus, OPM has not shown that the Board's decision is likely to have a substantial impact on the administration of the civil service.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 OPM's petition for review is denied.